# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
CHRIS VAN HULSE, JR.,              *    No. 21-1663v
                                   *
              Petitioner,          *
                                   *    Special Master Christian J. Moran
v.                                 *
                                   *    Filed: March 10, 2026
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Courtney Christine Jorgenson</u>, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner;
<u>Ryan Pohlman Miller</u>, United States Dep't of Justice, Washington, D.C., for respondent.

### <u>UNPUBLISHED DECISION DENYING COMPENSATION</u>[1]

    Petitioner, Chris Van Hulse, Jr., sought compensation through the Vaccine Program.  42 U.S.C. § 300aa-10 through 34.  Mr. Van Hulse, however, has not presented sufficient evidence to be entitled to compensation.  Because Mr. Van Hulse has not met his burden of proof, his case is DISMISSED.

### <u>Procedural History</u>

    Petitioner alleged that the influenza ("flu") vaccine he received on August 17, 2018 caused him to suffer from a severe adverse reaction of Pediatric Acute-onset Neuropsychiatric Syndrome ("PANS") and other neurological/neuropsychiatric illness.  Pet., filed Aug. 4, 2021.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

The Secretary filed his Rule 4(c) Report on May 22, 2024, recommending that compensation be denied.  The Secretary argued that Mr. Van Hulse had not shown a medically recognized injury by preponderant evidence, highlighting that his treating doctors assigned and treated him for several possible diagnoses over the years but that his only "consistently confirmed diagnoses were OCD and tics."  Resp't's Rep. at 25-27.   The Secretary also noted retrospective histories in medical records which may indicate that Mr. Van Hulse suffered from OCD and/or tics before vaccination.  Id. at 2-3; see also Order, issued June 17, 2024.

The Secretary further argued that, even if Mr. Van Hulse established that he suffered from PANS or another defined neurological illness, he had not met his burden under Althen.  Resp't's Rep. at 27.  Mr. Van Hulse had not offered a reputable scientific or medical theory to establish that the flu vaccine can cause his alleged injuries; no treater attributed Mr. Van Hulse's symptoms to the vaccination; and the onset appeared to be thirteen months post-vaccination.  Id. at 27-31.  In sum, the Secretary argued, Mr. Van Hulse had not satisfied any of the Althen prongs.

During a status conference on June 14, 2024, Mr. Van Hulse requested time to gather additional evidence such as affidavits, social media posts, and other documentation to clarify details about his condition pre-vaccination and to corroborate his account of his health post-vaccination. Mr. Van Hulse and his mother were also ordered to fill out template affidavits regarding onset and the potential scope of electronically stored information.  Order, issued June 17, 2024.

Mr. Van Hulse filed several affidavits.  Exhibits 43-49, 51-52.  During a status conference, the Secretary stated his position that there was not preponderant evidence that onset occurred shortly after Mr. Van Hulse's vaccination in 2018, and argued that no medical records corroborated the affidavits describing a decline in 2018.  The Secretary maintained his position that the onset began in September 2019.  See Order, issued Oct. 8, 2024.  Mr. Van Hulse stated that he would attempt to obtain affidavits from his college roommates regarding his symptoms during his first year of college (2018-2019), and would then decide whether he would prefer to proceed to the expert phase or to have a fact hearing regarding onset.  Id.

Mr. Van Hulse submitted an affidavit from one of his roommates.  Exhibit 53.  He stated that he preferred to have the case proceed to the expert phase.  Pet'r's Status Rep., filed Dec. 9, 2024.  Mr. Van Hulse filed a report from a psychiatrist, Dr. Chang, on June 3, 2025.  Exhibit 54.  Dr. Chang specializes in "working with youth and young adults who have or are at risk for serious mood disorders, such as depression or bipolar disorder" as well as in PANS/PANDAS and related neuropsychiatric disorders.  Id. at 1.

Dr. Chang opined that Mr. Van Hulse suffered an inflammatory reaction to the vaccine, and stated that Mr. Van Hulse had been "largely neurotypical and doing well immediately before" the vaccination, then became "clearly significantly neuropsychiatrically impaired" two days later. Exhibit 54 at 4.  Dr. Chang further stated that it was "difficult to determine if [Mr. Van Hulse] met all PANS criteria within the first few weeks of onset," but that he did display

2

symptoms of "at the very least a PANS spectrum disorder." Id. at 5. He argued that there was an acute onset of symptoms, and that "in the absence of another neurological of psychiatric condition responsible for his symptoms, [Mr. Van Hulse] fits PANS criteria," as other psychiatric disorders do not present this way. Id. Dr. Chang further explained his theory that "immune system activators in a susceptible child may lead to inflammation affecting the basal ganglia," and that vaccines could be the activating trigger. Id. at 7.

In response, the Secretary filed a report from a neurologist, Dr. Gilbert on September 8, 2025. Exhibit A. Dr. Gilbert is board certified "by the American Board of Neurology and Psychiatry in Neurology with special competence in child neurology." Id. at 1.

Dr. Gilbert disputed that Mr. Van Hulse was psychologically healthy prior to the vaccination; highlighted several risk factors and early warning signs in Mr. Van Hulse's family and medical history; and explained that leaving home for college and facing associated stresses is a common and more likely trigger. Id. at 16-18. He further argued that the timing was inconsistent with an acute inflammatory reaction, but instead fit the course typical of psychiatric illnesses that manifest in adults of that age, waxing and waning with psychosocial stressors. Id. at 18. Dr. Gilbert further supported his opinion by noting that extensive medical testing did not reveal inflammatory disease, and that immunological treatments did not produce sustained benefits. Id. at 18-19.

A status conference was held on October 30, 2025. Mr. Van Hulse was advised that Dr. Gilbert made several strong points against an award of compensation and that on the current record the case did not seem likely to succeed. Mr. Van Hulse requested time to have Dr. Chang review the report. He was given a deadline of January 9, 2026 to file another report.

On December 23, 2025, Mr. Van Hulse filed a status report stating that he intended to seek new counsel. On January 9, 2026, Mr. Van Hulse moved for additional time to seek new counsel and to file Dr. Chang's supplemental report. Mr. Van Hulse's deadline was extended to February 24, 2026. He was advised that if he did not submit an expert report by the deadline even if he had not retained new counsel, an order to show cause would likely issue. Order, issued Jan. 9, 2026.

Mr. Van Hulse moved to have his case dismissed on February 18, 2026. He stated that he has "considered the language of the [October 30, 2025] Order and believes that he will be unable to prove that he is entitled to compensation in the Vaccine Program." He "understands that a decision by the Special Master dismissing his Petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." Mr. Van Hulse "does intend to protect his rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), he intends to elect to reject the Vaccine program judgment against him and elect to file a civil action."

3

**Discussion**

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa–11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Thus, petitioner is necessarily pursuing a causation-in-fact claim.  As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 300aa–13(a)(1).  In this case, Mr. Van Hulse filed medical records and an expert report in support of his claim.  Nevertheless, Mr. Van Hulse wishes to have his claim dismissed and judgment entered against him.  Given Mr. Van Hulse's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Dr. Gilbert persuasively argued that the timing of Mr. Van Hulse's symptoms was inconsistent with an acute inflammatory disorder, but instead waxed and waned with the presence of social stressors.  Exhibit A at 16-18, 20-21.  The symptoms were not reported as severe until thirteen months post-vaccination, and Mr. Van Hulse remained "equally as ill, if not more so, five years after vaccination in 2023," which is "entirely inconsistent with vaccine causation."  Id. at 18, 20. Moreover, extensive testing did not support the presence of an inflammatory disease and immunological treatments did not yield sustained benefits.  Id. at 18-19.  Finally, no treaters attributed Mr. Van Hulse's condition to his vaccination, and several opined that he instead suffered from a psychiatric illness.  Id. at 19-20.  Mr. Van Hulse did not

submit a supplemental expert report to counter these points.  In sum, Mr. Van Hulse has not established a logical sequence of cause and effect showing that the vaccination was the reason for his condition, nor has he established a proximate temporal relationship between the vaccination and his symptoms.  He therefore has not met his burden under Althen.

**Accordingly, this case is dismissed for insufficient evidence.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master